IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:<br>DAVID EDWARD SINTON<br>A/K/A DAVID E. SINTON<br>MELODEE LYNNE SINTON<br>A/K/A MELODEE L. SINTON | :<br>:<br>:<br>:<br>: | Bk. No. 1:09-01145 MDF<br><br>Chapter No. 13 |
| Debtors | : | |
| U.S. BANK, NA | : | |
| Movant | : | 11 U.S.C. §362 |
| v. | : | |
| DAVID EDWARD SINTON<br>A/K/A DAVID E. SINTON<br>MELODEE LYNNE SINTON<br>A/K/A MELODEE L. SINTON | :<br>:<br>:<br>: | |
| Respondents | | |

## STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF
## FROM THE AUTOMATIC STAY

It is hereby stipulated by and between Phelan Hallinan & Schmieg, LLP, counsel for the Movant, U.S. BANK, NA, and CRAIG S. SHARNETZKA, ESQUIRE, counsel for the Debtors, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. The parties agree that the total post-petition arrearage consists of four (4) monthly payments for the months of August 2009 through November 2009 at $807.12 each; five (5) monthly payments for the months of December 2009 through April 2010 at $824.38 each; an accrued late charge in the amount of $294.06; attorney fees and costs in the amount of $800.00; resulting in the total post-petition arrearage amount of $8,444.44.

3. Beginning May 1, 2010, Debtors shall commence payment of the regular monthly mortgage payment in the amount of $824.38, plus the additional payment in the amount of $1,407.41, for a total monthly payment amount of $2,231.79. The Debtors will continue to pay this amount each month from May 1, 2010 through and including October 1, 2010 to cure the aforementioned post-petition arrearage. All subsequent monthly payments and late charges shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation shall be by certified check or money order payable to **US BANK HOME MORTGAGE, 4801 FREDERICA STREET, WEST B, OWENSBOROUGH, KY 42301.**

4. If Debtors provide sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

5. Should the Debtors fail to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days from the date of the Notice, counsel may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

6. In the event the Debtors convert to a Chapter 7 during the pendency of this bankruptcy case, the Debtors shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtors fail to bring the loan contractually current, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days from the date of the Notice, counsel may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

7. Debtors' tendering of a check to US BANK HOME MORTGAGE, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date: April 16, 2010

JAY B. JONES, ESQUIRE
PETER J. MULCAHY, ESQUIRE
JOSEPH P. SCHALK, ESQUIRE
ANDREW L. SPIVACK, ESQUIRE
Attorneys for Movant

CRAIG S. SHARNETZKA, ESQUIRE
Attorney for Debtor